UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAURETTA ROBERTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13-CV-541 CAS |
| | ) |
| GENERAL MOTORS LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER CONCERNING JURISDICTION

This diversity matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). Statutes conferring diversity jurisdiction are strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), and the burden of proving all jurisdictional facts is on the party asserting jurisdiction, here the plaintiff. See McNutt v. General Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936). "[T]he court may . . . insist that the jurisdictional facts be established or the case be dismissed[.]" Id.

In this case, plaintiff's complaint asserts that federal jurisdiction exists based on diversity of citizenship. Complaint at 2, ¶ 5. Complete diversity of citizenship between plaintiffs and defendants is required by 28 U.S.C. § 1332. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991). To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987); see 28 U.S.C. § 1332(a).

Different allegations are required to properly plead the citizenship of a limited liability company ("LLC"). "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." E3 Biofuels, LLC v. Biothane, LLC, 781 F.3d 972, 975 (8th Cir. 2015) (quoted case omitted). Thus, for limited liability companies such as defendant General Motors LLC, the Court must examine the citizenship of each member of the limited liability company to determine whether it has diversity jurisdiction. See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) ("GMAC"). For any members of LLCs that are themselves limited liability companies, partnerships or limited partnerships, information concerning the underlying members or partners must be alleged.

Plaintiff's complaint alleges that she is a "resident of St. Louis County, Missouri." Complaint at 1, ¶ 1. This allegation is deficient because plaintiff does not allege her state of citizenship. It is well established that an allegation of residence is not the equivalent of an allegation of citizenship, Sanders, 823 F.2d at 216, and is insufficient to allege citizenship for diversity jurisdiction purposes. Reece v. Bank of New York Mellon, 760 F.3d 771, 777-78 (8th Cir. 2014). The Eighth Circuit has instructed that the distinction between residence and citizenship is "not a mere technicality." Id. at 777. "In both common parlance and legal usage, 'resident' and 'citizen' have overlapping but distinct meanings. See, e.g., Black's Law Dictionary 1502 (10th ed. 2014) (explaining 'a resident is not necessarily either a citizen or a domiciliary'); New Oxford American Dictionary 1485 (3d ed. 2010) (defining 'resident' as 'a person who lives somewhere permanently *or on a long-term basis*' (emphasis added))." Id. at 778.

Plaintiff's complaint further alleges that defendant General Motors LLC ("GM") is a "Delaware limited liability company with its primary office in Detroit, Michigan." Complaint at 1, ¶ 2. However, "an LLC is not necessarily a citizen of its state of organization but is a citizen of each

state in which its members are citizens." GMAC, 357 F.3d at 829. The complaint is silent about GM's members and their states of citizenship.

The Court believes that complete diversity of citizenship exists in this case, based in part on GM's Disclosure of Corporation Interests Certificate (Doc. 10), which states that GM's sole member is General Motors Holdings LLC, and that General Motors Holdings LLC's sole member is General Motors Company, a Delaware corporation.[1] However, as the party asserting federal jurisdiction, plaintiff bears the burden to establish complete diversity of citizenship. See Branson Label, Inc. v. City of Branson, Mo., 793 F.3d 910, 917 (8th Cir. 2015). "When jurisdiction is based on diversity of citizenship, the pleadings . . . must set forth with specificity the citizenship of the parties." Barclay Square Properties v. Midwest Federal Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990). Here, plaintiff fails to meet her burden because the complaint does not contain sufficient allegations of citizenship to establish the existence of diversity jurisdiction.

Plaintiff will be ordered to amend her complaint within seven (7) days, solely for the purpose of alleging jurisdictional facts to show complete diversity of citizenship between the parties. Plaintiff's failure to timely and fully comply with this Order will result in the dismissal of this case without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that by **October 8, 2015**, plaintiff shall file an Amended Complaint that alleges facts establishing the citizenship of all parties to this action.

---

[1]GM's Disclosure of Corporation Interests Certificate does not indicate the state of General Motors Company's principal place of business.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this Order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  1st  day of October, 2015.