UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAURETTA ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-541 CAS |
| | ) | |
| GENERAL MOTORS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff to quash the depositions of fact witnesses Rodney C. Rucker, Jr. and Matthew Hinnant and for a protective order barring defendant General Motors LLC ("GM LLC") from re-deposing these witnesses. Defendant GM LLC opposes the motion. For the following reasons, plaintiff's motion will be granted.[1]

**I. Background**

Witnesses Rucker and Hinnant were among the fire rescue personnel involved in extricating plaintiff from her vehicle following the rollover crash in Florida that gave rise to this case. Defendant GM LLC noticed Rucker and Hinnant for deposition on March 27 and 28, 2014, the depositions were taken, and both parties had "ample opportunity during those discovery depositions to inquire about what Messrs. Rucker and Hinnant know." GM LLC Opp. at 1. GM LLC states that Rucker and Hinnant are unavailable to be compelled to appear for live testimony at trial because they reside in Florida. See Federal Rule of Civil Procedure 45(c)(1)(A) (100-mile limit on subpoena power).

---

[1] The Court normally issues rulings on disputed discovery matters only at its monthly discovery motion docket. Because the undersigned is unavailable for a discovery motion docket in the near future, the Court issues this ruling on plaintiff's motion to quash.

On January 8, 2016, GM LLC noticed "videotaped trial deposition[s]" of Rucker and Hinnant in Florida for February 9, 2016, a little over a month before trial is set to begin. GM LLC has not filed a motion for leave of Court to retake the depositions of these witnesses. Under the Case Management Order, as amended, the discovery deadline passed in this matter on July 2, 2015.

## II. Discussion

Generally, a party may obtain a deposition by serving a notice or subpoena. Federal Rule of Civil Procedure 30(a)(1). Rule 30 requires, however, that a "party must obtain leave of court, . . . if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case." Rule 30(a)(2)(A)(ii). Leave must be granted "to the extent consistent with Rule 26(b)(1) and (2)." Rule 30(a)(2).

Under Rule 26(b)(2), the court must limit the discovery sought if it is: (1) "unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome or less expensive;" (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or (3) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Rule 26(b)(2)(C)(i)-(iii). The objective of Rule 26(b) is "to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry." Rule 26 advisory committee's note, 1983 amendments. The first element of Rule 26(b)'s standard "is designed to minimize redundancy in discovery and encourage attorneys to be sensitive to the comparative costs of different methods of securing information." Id. The second element of the standard "seeks to reduce repetitiveness and to oblige lawyers to think through their discovery activities in advance so that full utilization is made of each deposition, document request, or set of interrogatories." Id.

2

This Court has stated that as a general proposition, "a party may conduct a second deposition of a witness if new information comes to light relating to the subject of that deposition, new parties are added to the case, new allegations are made in pleadings, or new documents are produced." Settles v. Livengood, 2015 WL 2089222, at *1 (E.D. Mo. May 4, 2015) (cited case omitted). "Under these circumstances, the second deposition is limited to the new information." Id. "A second deposition may also be ordered if the examining party was inhibited from conducting a full examination as a result of obstructive conduct at the first deposition." Id.

None of these circumstances apply in this case. The depositions of witnesses Rucker and Hinnant were taken, and GM LLC simply wishes to take their depositions again on video to "allow the testimony of the witnesses to be presented in a cogent manner focused only on relevant issues." GM LLC Opp. at 9. Defendant also asserts that video depositions are "necessary for the jury to be able to view [the witnesses'] demeanor and judge credibility." Id. GM LLC asserts that no undue burden will accrue to plaintiff because her counsel may attend the depositions by video conference or telephone, eliminating the need for the time or expense of travel. GM LLC asserts that "federal common law" recognizes a distinction between trial and discovery depositions, and that leave of Court "should not be required to preserve the trial testimony of an unavailable witness on video." Id.

Numerous courts have observed that Rule 30 and Rule 32 of the Federal Rules do not make any distinctions between depositions taken for purposes of discovery and those taken for use at trial. See Griffin v. Foley, 542 F.3d 209, 220 (7th Cir. 2008); Manley v. AmBase Corp., 337 F.3d 237, 247 (2d Cir. 2003); Chrysler Int'l. Corp. v. Chemaly, 280 F.3d 1358, 1362 n.8 (11th Cir. 2002); Battle ex rel. Battle v. Memorial Hosp. at Gulfport, 228 F.3d 544, 551 (5th Cir. 2000); Tatman v.

3

Collins, 938 F.2d 509, 510 (4th Cir. 1991); Settles, 2015 WL 2089222, at *1; Niver v. Travelers Indem. Co. of Ill., 430 F.Supp.2d 852, 863 (N.D. Iowa 2006).

This Court recognizes that courts have taken different approaches to the question whether pretrial discovery deadlines apply to so-called "trial depositions," but has taken the position that there is "no right to a 'trial deposition' separate and apart from the 'deposition' rules expressly found in Rules 30 through 32." Settles, 2015 WL 2089222, at *1 (quoted case omitted). "Parties who make the tactical decision not to preserve deposition testimony during the discovery phase take the risk that the testimony will not be presented if the witness is unable or unwilling to appear at trial." Id. (quoted case omitted). See also Chrysler Int'l Corp., 280 F.3d at 1362 n.8 ("parties who delay in taking a needed deposition and who assume that a district court will draw (when the Rules do not and if the pretrial order does not) a distinction, for pretrial scheduling purposes, between different kinds of depositions assume a risk: they cannot count on the trial court's allowing a deposition to be taken closer to the trial date."). Other district courts in this circuit have adopted similar positions. See, e.g., Lenius v. Deere & Co., 2014 WL 6879311, at *4 (N.D. Iowa Dec. 4, 2014) ("[A]bsent an agreement of the parties, I do not believe a trial deposition is permitted under the Rules, unless failure to grant the deposition would cause a miscarriage of justice."); Insignia Sys., Inc. v. News Am. Mktg. InStore, Inc., 2011 WL 282632, at *2 (D. Minn. Jan. 26, 2011) (denying defendants' request to "go outside pretrial schedule" and conduct "trial deposition" shortly before trial).

Here, pretrial discovery ended in July 2015 and there was no provision in the applicable case management order concerning "trial depositions." GM LLC admits it had "ample opportunity" to depose and question the two witnesses it now seeks to depose again by video. This case was scheduled for trial in January 2016, was continued on the Court's own motion because of a conflict, and is now set for March 28, 2016. GM LLC claims it only wishes to use video testimony in lieu

4

of reading from deposition transcripts so as not to be "force[d] . . . to carve up the discovery deposition transcripts and [] present that testimony in disjointed pieces," which will "disturb[] the natural flow of trial testimony and create[] the potential for jury confusion." GM LLC Opp. at 5.

The Court finds GM LLC has not offered a compelling reason why redundant and duplicative depositions should be taken from these witnesses. The Court will therefore grant plaintiff's motion to quash and for a protective order.[2] If Messrs. Rucker and Hinnant are unavailable to testify at trial, the parties may introduce testimony through their March 2014 depositions. See Fed. R. Civ. P. 32(a)(4)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Quash Depositions of Matthew Hinnant and Rodney Rucker and for Protective Order is **GRANTED**. [Doc. 127]

**IT IS FURTHER ORDERED** that GM LLC shall not notice any further depositions in this case absent leave of Court.

                                                                                **CHARLES A. SHAW**
                                                                                **UNITED STATES DISTRICT JUDGE**

Dated this  20th  day of January, 2016.

---

[2]To the extent GM LLC's mid-brief suggestion, that if leave of Court is required for the video depositions it should be granted, is properly considered a motion for leave, the same is denied.