4:13 cv 541 CAS
Roberts vs. General Motors, LLC

Instruction No. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of the trial.

You will have copies of the instructions I am about to give you now in the jury room. This does not mean these instructions are more important than others. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

Instruction No. 2

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.  That is entirely up to you.

Instruction No. 3

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3. Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it unless I specifically tell you otherwise.

Instruction No. 4

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

Instruction No. 5

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

Instruction No. 6

The term "negligent" or "negligence" as used in these instructions means the failure to use ordinary care. The phrase "ordinary care" means that degree of care that an ordinarily careful individual person or an ordinarily careful motor vehicle manufacturer would use under the same or similar circumstances.

Instruction No. 7

Your verdict must be for plaintiff if you believe:

First, defendant sold the 2004 Savana in the course of defendant's business, and

Second, the 2004 Savana was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and

Third, the 2004 Savana was used in a manner reasonably anticipated, and

Fourth, such defective condition as existed when the 2004 Savana was sold directly caused or directly contributed to cause damage to plaintiff.

Instruction No. 8

Your verdict must be for the defendant unless you believe that the 2004 Savana, when sold, was in a defective condition unreasonably dangerous and that defective condition as existed when the 2004 Savana was sold directly caused or directly contributed to cause damage to Plaintiff.

Instruction No. 9

Your verdict must be for plaintiff if you believe:

    First, defendant designed the 2004 Savana, and

    Second, the 2004 Savana:

        did not have a strong enough roof, or

        did not have a seat belt that adequately restrained plaintiff during the rollover, and

    Third, defendant failed to use ordinary care to design the 2004 Savana to be reasonably safe, and

    Fourth, such negligence directly caused or directly contributed to cause damage to plaintiff.

Instruction No. 10

Your verdict must be for the defendant unless you believe:  1) that the 2004 Savana either did not have a strong enough roof or did not have a seatbelt that adequately restrained Plaintiff during the rollover, 2) that General Motors failed to use ordinary care to design the 2004 Savana to be reasonably safe, and 3) that such negligence directly caused or directly contributed to cause damage to Plaintiff.

Instruction No. 11

Your verdict must be for plaintiff if you believe:

 First, defendant sold the 2004 Savana in the course of defendant's business, and

 Second, the 2004 Savana was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, and

 Third, defendant did not give an adequate warning of the danger, and

 Fourth, the product was used in a manner reasonably anticipated, and

 Fifth, the 2004 Savana being sold without an adequate warning directly caused or directly contributed to cause damage to plaintiff.

Instruction No. 12

Your verdict must be for the defendant unless you believe that the 2004 Savana was, when sold, unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, that the defendant did not give an adequate warning of the danger, that the product was used in a manner reasonably anticipated, and that the 2004 Savana being sold without an adequate warning directly caused or directly contributed to cause damage to Plaintiff.

Instruction No. 13

If you find in favor of plaintiff, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe plaintiff sustained and is reasonably certain to sustain in the future as a direct result of the occurrence mentioned in the evidence.

Instruction No. 14

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the bailiff and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. You will take this form to the jury room, and when you have all Instructions for Use at Close of Trial agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the court security officer that you are ready to return to the courtroom.

# VERDICT FORM

We, the jury, for our Verdict, answer the questions submitted to us as follows:

1. When plaintiff's 2004 Savana was sold by defendant, was it in a defective condition unreasonably dangerous when put to a reasonably anticipated use?

    Answer: _____ (Yes or No)

[Direction A: If your answer to Question 1 is "Yes," then answer Question 2. If your answer to Question 1 is "No," then do not answer Question 2, but proceed to answer Question 3.]

2. Did the defective condition of the 2004 Savana, as found by the jury with respect to Question 1, directly cause or directly contribute to cause damage to plaintiff?

    Answer: _____ (Yes or No)

3. Was defendant negligent in the design of plaintiff's 2004 Savana?

    Answer: _____ (Yes or No)

[Direction B: If your answer to Question 3 is "Yes," then answer Question 4. If your answer to Question 3 is "No," then do not answer Question 4, but proceed to answer Question 5.]

4. Did the negligence of defendant, as found by the jury with respect to Question 3, directly cause or directly contribute to cause damage to plaintiff?

    Answer: _____ (Yes or No)

5. When plaintiff's 2004 Savana was sold by defendant, was it then unreasonably dangerous when put to a reasonably anticipated use because it lacked adequate warnings?

Answer: _____ (Yes or No)

[Direction C: If your answer to Question 5 is "Yes," then answer Question 6. If your answer to Question 5 is "No," then do not answer Question 6.]

6. Did plaintiff's 2004 Savana being sold without adequate warnings directly cause or directly contribute to cause damage to plaintiff?

Answer: _____ (Yes or No)

[Direction D: If any of your answers to Questions 2, 4, or 6 is "Yes," then answer Question 7. If your answers to Questions 2, 4, and 6 are all "No," then the jury should answer no more questions but the foreperson should sign the verdict form and notify the court security officer.]

7. We, the jury, assess the damages of plaintiff Lauretta Roberts at:

$ _____ (stating the amount)

_____
**FOREPERSON**

Dated: April \_\_\_\_, 2016